The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE GUHLKE,<br><br>Defendant. | NO. CR18-091 JLR<br><br>[PROPOSED]<br>PROTECTIVE ORDER |

This matter, having come to the Court's attention on the Stipulation for Entry of a Discovery Protective Order submitted by the United States of America and Defendant, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. Protected Material

Any material designated by the United States as Protected Material shall be subject to the terms of this Order. The United States will make available copies of the Protected Materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations and pursuant to the procedures set forth in this Order. Possession of copies of the Protected Materials is limited to the attorneys of

[PROPOSED] PROTECTIVE ORDER/
*United States v. Guhlke* CR18-091JLR- 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team).

2. Scope of Review of Protected Material

The attorneys of record and members of the defense team may display and review the Protected Material with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies (in any form, including in the form of transcriptions) of the Protected Material to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of Protected Material to the Defendant and other persons. Further, the attorneys of record for the Defendant are required, prior to disseminating any copies of the Protected Material to permitted recipients, such as other members of the defense team, to provide a copy of this Protective Order to those permitted recipients, and to obtain the written consent by those recipients of the terms and conditions of this Protective Order. Such written consent shall not, however, be required with respect to members of the defense team who are employed by the same office as the attorneys of record; in such case, it shall be sufficient for the attorneys of record to provide a copy of this Protective Order to such other members of the defense team and to remind them of their obligations under the Order. The written consent need not be disclosed or produced to the United States unless requested by the United States Attorney's Office for the Western District of Washington and ordered by the Court.

The United States Attorney's Office for the Western District of Washington is similarly allowed to display the Protected Material to, and review the Protected Material with, lay witnesses, but is otherwise prohibited from providing copies of the Protected Material to lay witnesses, i.e. non-law enforcement witnesses.

3. Parties' Reciprocal Discovery Obligations

Nothing in this order should be construed as imposing any discovery obligations on the government or the Defendants that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

[PROPOSED] PROTECTIVE ORDER/
*United States v. Guhlke* CR18-091JLR- 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

4. Filing of Protected Material

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle any party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant Local Rules and Federal Rules of Criminal Procedure pertaining to the sealing of court documents.

5. Nontermination

The provisions of this Order shall not terminate at the conclusion of this prosecution.

6. Violation of Protective Order

Any violation of any term or condition of this Order by the Defendant, the attorneys of record, any members of the defense team, or any attorney for the United States Attorney's Office for the Western District of Washington, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

If any Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

DATED this 21st day of April, 2018.

THE HONORABLE JAMES L. ROBART
United States District Court Judge

[PROPOSED] PROTECTIVE ORDER/
*United States v. Guhlke* CR18-091JLR- 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970